[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT (#107)
The plaintiffs, Ruby's, Inc. and Tuesday's Den, Inc., bring this action against the defendants, Post Publishing Company (Post), the owner of the Connecticut Post newspaper and its publisher, Dudley Thomas, to recover for the alleged "bad faith" breach of two advertising contracts. The plaintiffs are both bars which feature adult entertainment in the form of female "exotic" dancers.
The plaintiffs allege that on an unspecified date they entered into advertising contracts with the Post. They further allege that they had a long standing business relationship with the Post and that for many years they received positive results from placing advertisements in the Connecticut Post. The plaintiffs allege that in December of 1992, they renewed their advertising contract with the Post. The plaintiffs further allege that in February of 1993 the defendants terminated the advertising contracts and informed the plaintiffs that they would no longer accept their advertising copy. The plaintiffs allege that the defendants terminated the contracts in response to a lawsuit that was brought against them by an adult video sales establishment whose advertisements were refused by the defendants due to complaints filed with the defendants by members of the community. The plaintiffs further allege that they have sustained economic damages as a result of the defendants' bad faith breach of the advertising contracts. They seek punitive damages from the defendants based on the defendants' alleged "bad faith" breach of the advertising contracts.
On July 13, 1994, the defendant Thomas filed a motion for partial summary judgment (#107), along with a supporting memorandum of law and an affidavit. On July 27, 1994, the plaintiffs filed a memorandum of law in opposition, and the affidavit of the plaintiffs' owner, Dennis Capozziello.
The plaintiffs allege that the defendant Thomas acted in bad faith in breaching the parties advertising contracts. A claim for bad faith breach of contract gives rise to "a distinct tort claim." L.F. Pace Sons, Inc. v. Travelers Co., 9 Conn. App. 30,46 (1986). "Bad faith in general implies both actual CT Page 11902 or constructive fraud or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive . . . . bad faith means more than mere negligence; it involves a dishonest purpose." Habetz v. Condon, 224, 231, 237 (1992).
Since the plaintiffs' claim for bad faith breach of contract does give rise to a cause of action which sounds partially in tort, an agent such as Thomas may be liable for his alleged tortious conduct. Accordingly, the motion for partial summary judgment on the narrow ground that an agent of a disclosed principal cannot be liable for a breach of contract by its principal is denied as a matter of law.
EDDIE RODRIGUEZ, JR., JUDGE